IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROSE PALMER, individually and as administratrix for the Estate of EVERETT PALMER, JR.,** | : : : : | **Civil No. 1:20-mc-00034** |
| **Petitioner,** | : : | |
| v. | : : | |
| **YORK COUNTY BOARD OF PRISON COMMISSIONERS** *et al.*, | : : : | |
| **Respondents.** | : | **Judge Sylvia H. Rambo** |

## **ORDER**

The background of this order is as follows: In January 2020, Plaintiff Rose Palmer filed a petition for an order to take depositions pursuant to Rule 27 of the Federal Rules of Civil Procedure. The petition avers that Ms. Palmer is the administratrix of the estate of Everett Palmer Jr., who died in April 2018 under suspicious circumstances in the York County Prison after he travelled to York County to voluntarily address an old DUI warrant. According to the petition, Ms. Palmer's substantial efforts to uncover the circumstances of Mr. Palmer's death have been met with stonewalling by the York County District Attorney David W. Sunday Jr., who has refused to disclose any information about the event other than the fact that it is currently being investigated by a grand jury. The petition requests an order pursuant to Rule 27 compelling the York County Board of Prison Commissioners to

1

produce a witness to sit for a deposition to answer questions about the circumstances of Mr. Palmer's death.

Under Rule 27, a "person who wants to perpetuate testimony about any matter cognizable in a United States court" may file a petition in the district court requesting an order authorizing the petitioner to depose an expected adverse party. The petition must show: "(A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought; (B) the subject matter of the expected action and the petitioner's interest; (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it; (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and (E) the name, address, and expected substance of the testimony of each deponent." FED. R. CIV. P. 27(a)(1)(A)-(E).

Here, Ms. Palmer's petition makes clear that she seeks to depose York County officials for the purpose of acquiring information "necessary [] so that Petitioner can prepare a complaint and identify the proper parties before the April 8, 2020 statute of limitations." (Doc. 1, p. 8.) While the court sympathizes with Ms. Palmer's circumstances, it cannot overlook binding precedent that makes clear that Rule 27 may not be used for such purposes. Rather, "Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost."

*Ash v. Cort*, 512 F.2d 909, 912 (3d Cir. 1975) ("We reiterate that Rule 27 is not a substitute for discovery. It is available in special circumstances to preserve testimony which could otherwise be lost."); *see also State of Nev. v. O'Leary*, 63 F.3d 932, 933 (9th Cir. 1995) ("[W]e hold that Rule 27 is not appropriate where, as here, the petitioner seeks discovery of unknown information that the petitioner hopes will assist it in the future when the petitioner applies for judicial relief."). Ms. Palmer's petition demonstrates that this is not among such category of cases. Accordingly, Ms. Palmer's Rule 27 petition is **DENIED.**

                                  */s/ Sylvia H. Rambo*
                                  SYLVIA H. RAMBO
                                  United States District Judge

Dated: February 12, 2020